UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Branko Perisic** | ) | CASE NO. 1:13 CV 1960 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| **Freedom Legal Plans, LLC,** *et al.* | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

**Introduction**

This matter is before the Court upon Plaintiff's Motion to Join Non-Diverse Parties Pursuant to 28 U.S.C. § 1447(e) (Doc. 11). This case arises out of the operations of a mortgage assistance relief service. For the following reasons, the Court GRANTS plaintiff's motion to join Lasheyl Stroud and Stroud Law, LLC as defendants and to file his Second Amended Complaint. Because adding the parties destroys diversity and divests the Court of subject matter jurisdiction, these proceedings will be REMANDED to state court.[1]

---

[1] Pending before the Court also are defendants Litvin and Litvin Law's Motion to Sever and Remand (Doc. 9) and Motion for Judgment on the Pleadings (Doc. 10). Because joinder of the new defendants destroys this Court's jurisdiction, the Court may not rule on these motions and they are DISMISSED.

1

**Facts**

Plaintiff, Branko Perisic, an Ohio resident, brings this action against defendants, Freedom Legal Plans, LLC ("Freedom"), a Delaware LLC with its principal place of business in Florida, Frontier Legal Plans, LLC ("Frontier") (collectively the "Plans"), also a Delaware LLC with its principal place of business in Florida, Litvin Law Firm, P.C. ("Litvin Law"), a New York professional corporation, and Gennady Litvin ("Litvin"), a New York resident and the principal owner of Litvin Law, alleging that defendants participated in a mortgage assistance relief service ("MARS") scam. The following facts are taken from plaintiff's First Amended Complaint. (Doc. 1-7).

Plaintiff is the owner-operator of his own trucking business. After encountering financial difficulties, plaintiff filed for Chapter 13 bankruptcy around 2009. Around 2011, plaintiff began receiving solicitations from Freedom. Freedom represented to plaintiff that it could provide him, or arrange for others to provide, legal representation, including loan document and transaction reviews, mortgage loan modification services, and foreclosure defense services. Freedom promised that the attorneys would expose predatory lending practices associated with plaintiff's mortgage, sue his mortgage lender and/or servicer, or, obtain a modification of plaintiff's mortgage.

Plaintiff entered into a membership agreement with Freedom on June 23, 2011, paying a monthly membership fee of $595.00 per month. Around October 10, 2011, plaintiff was contacted by Lavern Hall, who represented that she was a paralegal at Litvin Law. Litvin Law subsequently mailed certain documentation to plaintiff around October 14, 2011, including what purports to be an attorney-client agreement with "Lavern Hall" as the

paralegal assigned to the case, and "Lasheyl Stroud" as the assigned attorney. The mailing also included paperwork to be signed by plaintiff which purportedly would be used by Litvin Law in dealing with plaintiff's lender. "Lasheyl Stroud" is not included in the list of names to be given authorization to act on plaintiff's behalf in the paperwork.

On November 3, 2011, plaintiff received an email notifying him that Freedom had been acquired by Frontier, but that his attorney would remain the same. Later that month, plaintiff received a call from David Gerowitz, who represented that he was an attorney with Litvin Law. He assured plaintiff that his paperwork had been received and was complete, that the investigation into plaintiff's mortgage loan documents was complete and revealed "several errors," and that the process would "move fast" from that point. Plaintiff never met or spoke with Lasheyl Stroud, or any attorney licensed in Ohio. Plaintiff received no further communication from Mr. Gerowitz or any other attorney working for Litvin Law.

In January 2012, after two months without any communication from Litvin Law, plaintiff contacted the Plans, cancelled his monthly payments, and requested a refund of what he had already paid. This refund was denied.

Plaintiff thereafter filed this suit. The complaint contains four claims for relief against the Plans, Litvin, and Litvin Law. Count One is a claim for unfair and deceptive trade practices. Count Two is a claim for failure to render services. Count Three is a claim for fraud. Count Four is a claim for legal malpractice. Litvin and Litvin Law Firm removed the suit to this Court based on diversity jurisdiction.[2]

---

[2] The Plans are defendants in a pending lawsuit brought by the Federal Trade Commission in the Southern District of Florida. *Federal Trade Commission v. Prime Legal Plans, LLC*, 12 CV 61872 (S.D. Fla. Oct. 12, 2012). Pursuant to a

Planitiff now moves the Court for leave to amend his complaint to add Lasheyl Stroud ("Stroud"), a citizen of Ohio, and Stroud Law, LLC ("Stroud Law"), an Ohio LLC of which Stroud is the principal owner, as defendants.  Defendants Litvin Law and Litvin oppose the motion.

**Discussion**

Plaintiff seeks to join Stroud and Stroud Law as defendants in this case.  Plaintiff asserts that he only became aware of Stroud and Stroud Law's full involvement with Litvin and Litvin law when they filed their Answer (Doc. 5) to plaintiff's First Amended Complaint (Doc. 1-7) and through researching Stroud after the Answer was filed.  Plaintiff argues that he has a colorable cause of action against Stroud and Stroud Law and they should be joined as defendants.

Defendants argue that plaintiff's sole reason for joinder of Stroud and Stroud Law is to destroy this Court's jurisdiction and that he has admitted this in his motion.  Defendants contend that plaintiff was dilatory in joining Stroud because he knew about her prior to the filing of his First Amended Complaint and could have discovered she was a licensed attorney in Ohio at the time he filed his First Amended Complaint by searching public records. Defendants argue that plaintiff will not be prejudiced if joinder is denied because the First Amended Complaint asks for joint and several liability.

Upon review, the Court grants plaintiff's motion for leave to amend to add Stroud and

---

preliminary injunction order in that case, litigation against the Plans is stayed in most cases and the Plans are prohibited from filing responsive pleadings. The Plans could, therefore, neither consent or object to removal to this Court. Litvin and Litvin Law are not parties in that case.

Stroud Law as defendants.

Plaintiff argues that there has been no fraudulent joinder of Stroud and Stroud Law as he can assert a colorable claim against them. Defendants respond this is not the applicable standard of review and that plaintiff's claim is not colorable because he fails to properly support allegations of fraud as required by Fed. R. Civ. P. 9(b). Defendant does not address whether plaintiff's claims for malpractice, unfair or deceptive trade practices, and failure to render services against Stroud and Stroud Law are colorable.

Upon review the Court finds that plaintiff states a colorable claim against Stroud. In evaluating allegations of fraudulent joinder, the Court must apply a test "similar to, but more lenient than, the analysis applicable to a Rule 12(b)(6) motion to dismiss." *Casias v. Wal–Mart Stores, Inc.,* 695 F.3d 428, 433 (6th Cir. 2012) (citing *Walker v. Philip Morris USA, Inc.,* 443 F. App'x 946, 952–54 (6th Cir. 2011)). The Second Amended Complaint argues that Stroud, an Ohio lawyer, was assigned by Litvin Law to represent plaintiff. It further alleges that she never spoke with plaintiff nor had any contact with him for several months until he terminated the relationship because of defendants' and Stroud's failure to represent him. Based on these allegations, the Court cannot say to a requisite degree of certainty that plaintiff will be unable to state a claim against defendant Stroud, at least for malpractice.

The color of a plaintiff's claims is not, however, the end of the Court's inquiry for post-removal joinder. *See Traver v. Live Nation Worldwide, Inc.*, 13-10831, 2013 WL 5913902 (E.D. Mich. Oct. 28, 2013) (scrutinizing plaintiff's post-removal joinder motion to assess first whether the claims against the new defendants were colorable and then assessing

whether they had been asserted to defeat jurisdiction).  Where a case has been removed to federal court on the basis of diversity and a plaintiff moves to amend the complaint to add a party who will destroy the federal court's subject-matter jurisdiction, the district court may either deny joinder or permit joinder and remand the action to state court. 28 U.S.C. § 1447(e).  "The general impetus for applying § 1447(e) is for the trial court to use its discretion and determine if allowing joinder would be fair and equitable." *City of Cleveland v. Deutsche Bank Trust Co.,* 571 F. Supp. 2d 807, 823 (N.D. Ohio 2008).  In exercising its discretion, the court considers the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities. *Id.* at 823-24. *See also Bridgepointe Condominiums, Inc. v. Integra Bank Nat'l Assn.,* No. 08-475-C, 2009 U.S. Dist. LEXIS 20966, at *5-6 (W.D. Ky. March 13, 2009); *Gieringer v. The Cincinnati Ins. Cos.,* No. 3:08-CV-267, 2008 U.S. Dist. LEXIS 68058, at *5-6 (E.D. Tenn. Sept. 5, 2008). *Accord Curry v. U.S. Bulk Transport, Inc.,* 462 F.3d 536, 540 (6th Cir. 2006).  The most important factor is whether the purpose of the amendment is to defeat federal jurisdiction. *Deutsche Bank,* 571 F. Supp. 2d at 824.

Plaintiff has argued that he did not want to bring suit against Stroud and Stroud Law until after he received defendant's Answer, in which defendants acknowledge that Stroud was assigned by them to provide legal representation to plaintiff. (Doc. 5 p. 6).  Defendants cite *Landrum v. ITT Technical Inst.*, for the proposition that plaintiffs are not entitled to join additional parties named in the original complaint. 1:06CV2577, 2007 WL 128909 (N.D. Ohio Jan. 12, 2007).  As Stroud was mentioned in the First Amended Complaint, defendants

6

contend that she cannot now be added as a defendant.  However, in *Landrum,* the parties sought to be added were the plaintiff's former supervisors and "were not unknown" to the plaintiff. *Id.* at *1.  In this case, as the First Amended Complaint states, plaintiff never had any contact with Stroud or Stroud Law.  It also indicates Stroud's name was not on the papers Litvin Law sent to plaintiff and asked him to sign so they could negotiate on his behalf with his lenders.  It appears the only indication plaintiff had of Stroud's existence or her connection with his representation prior to the filing of the Answer was a single instance in a single letter sent by Litvin Law to plaintiff.

Based on these particular facts, the Court cannot say that plaintiff's purpose in joining Stroud and Stroud Law is to destroy its jurisdiction.  Though plaintiff's arguments on this issue are surprisingly short, the crux of them seems to be that he delayed naming Stroud and Stroud Law as defendants until he had more evidence to support claims against them. Plaintiff has provided the Court with a reasoned explanation of why he delayed before bringing suit against a lawyer and her firm for, among other claims, malpractice.  "The court will not punish the plaintiffs for their prudent delay by refusing to permit them to [add a defendant]." *Bridgepointe Condominiums,* 2009 U.S. Dist. LEXIS 20966 at * 9.  The Court finds that plaintiff's purpose in amending the complaint is not to defeat diversity jurisdiction.

The Court also finds that plaintiff has not been dilatory in seeking leave to amend.  In its Case Management Order, the Court set November 29, 2013 as the date by which pleadings could be amended and new parties added without leave of court. Plaintiff filed a motion to add Stroud and Stroud Law on November 30, 2013.  The Court finds plaintiff has not been dilatory.

Additionally, if plaintiff is forced to sue Stroud and Stroud Law separately in state court, it will be litigating many of the same claims in two different forums which is burdensome and could lead to inconsistent results. Thus, plaintiff will be significantly injured if the Court denies leave to add Stroud and Stroud Law. Plaintiff certainly has a strong interest in holding responsible parties accountable for malpractice. Litigation is still in the early stages, so other equities in defendants' favor do not warrant denying plaintiff leave to amend. Although out-of-state defendants like Litvin and Litvin Law have a substantial interest in proceeding in a federal forum, this interest does not outweigh the other factors. "[W]here the joinder of non-diverse parties does not appear primarily motivated by the desire to defeat jurisdiction, the plaintiffs' right to manage their case hangs heavier in the balance." *Phillip–Stubbs v. Walmart Supercenter,* 2012 WL 1952444, at *4 (E.D. Mich. May 25, 2012).

Based on the analysis above, the Court, exercising its discretion under 28 U.S.C. § 1447(e), grants joinder of the Ohio defendants. Accordingly, plaintiff's motion to join non-diverse parties Stroud and Stroud Law as defendants is GRANTED.

**Conclusion**

For the foregoing reasons, Plaintiff's Motion to Join Non-Diverse Parties Pursuant to 28 U.S.C. § 1447(e) is GRANTED. Because Stroud and Stroud Law, LLC are Ohio residents, the Court's diversity jurisdiction is destroyed and this case is REMANDED to state court.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan  
PATRICIA A. GAUGHAN  
Dated: 1/9/14    United States District Judge